```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHEM BE-TRUTH ALLAH,                              :
                      Plaintiff,                    :
                                                    :
v.                                                  :        OPINION AND ORDER
                                                    :
SUPERINTENDENT JAMIE LAMANNA and                    :        18 CV 8644 (VB)
DEPUTY SUPERINTENDENT OF SECURITY                   :
ANTHONY RUSSO,                                      :
                      Defendants.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Anthem Be-Truth Allah, proceeding pro se, brings this action against defendants Superintendent ("Supt.") Jamie Lamanna and Deputy ("Dep.") Supt. Anthony Russo alleging an Eighth Amendment claim for deliberate indifference to unsafe conditions of confinement.

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #36).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

During the relevant time, plaintiff was incarcerated at Green Haven Correctional Facility ("Green Haven"). Plaintiff alleges defendant Supt. Lamanna was in charge of the welfare of prisoners and employees at Green Haven and defendant Dep. Supt. Russo was in charge of the general safety at Green Haven.

1

Plaintiff alleges that on June 10, 2018, at around 5:45 p.m., he left his cell in A Block and headed towards the recreational yard. He claims that as he walked down the "crowded landing and stairwell leading to the first floor[,] an inmate," who plaintiff later identified as Ortiz, was assaulted. (Doc. #33 ("Am. Compl.") ¶ 3). According to plaintiff, Ortiz "was either pushed . . . or tripped on the wet staircase trying to escape his assailant." (Id. ¶ 4). As a result, plaintiff says Ortiz fell down the stairwell and "landed on top of . . . plaintiff's right leg and ankle." (Id. ¶ 5). As a result, according to plaintiff, he suffered an injury to his right leg and ankle as well as his left shoulder. Plaintiff alleges his shoulder injury required surgery in June 2019.

The gravamen of the amended complaint is that the location of the incident—the stairwell and landing—was a blind spot known to be dangerous, yet Green Haven officials did nothing to fix the stairwell. Plaintiff alleges Supt. Lamanna and Dep. Supt. Russo knew about blind spots from "unusual incident reports" and a "notoriously documented history of assaults." (Am. Compl. ¶¶ 17, 20).[1] Plaintiff claims Supt. Lamanna and Dep. Supt. Russo "fail[ed] to correct a serious breach of security concerning the well known notorious blind spots within the prison," when they "disregarded a known, obvious and dangerous blind spot inside" Green Haven. (Id. ¶¶ 16, 25). Although the amended complaint does not allege Supt. Lamanna and Dep. Supt. Russo had seen the alleged reports respecting blind spots at Green Haven, plaintiff argues in his opposition to the instant motion that both defendants would have had knowledge of safety concerns with the blind spot given their supervisory roles at Green Haven. (See Pl. Mem. ¶¶ 18, 19).

---

[1]   In plaintiff's opposition, he claims an assault occurred at Green Haven in 1981, but makes no allegation respecting the A Block stairwell, and he alleges another incident in the A Block stairwell occurred on June 29, 2019, nineteen days after plaintiff's alleged injury. (See Doc. #41 ("Pl. Mem.") ¶¶ 17 n.1; 21).

Plaintiff further alleges there was a "lack of security coverage" at Green Haven. (Am. Compl. ¶ 19). Plaintiff claims that had Supt. Lamanna and Dep. Supt. Russo "posted a guard" in the blind spot, it would have deterred "assaultive behavior." (Id. ¶ 21). However, plaintiff concedes in his opposition that security was present in the stairwell on June 10, 2018. (See Pl. Mem. ¶ 13).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     Eighth Amendment Claim

Defendants argue plaintiff fails to state a claim for deliberate indifference to unsafe conditions of confinement.

The Court agrees.

A.     Legal Standard

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. However, the Eighth Amendment does not require "comfortable" prison conditions; rather, it ensures that conditions of confinement do not "involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981). "Prison officials have a duty to protect prisoners from violence at the hands of other inmates since being violently assaulted in prison is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" Lee v. Artuz, 2000 WL 231083, at *4 (S.D.N.Y. Feb. 29, 2000) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).[3] However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for

---

[3]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. at 834. Instead, "the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

To state an Eighth Amendment claim based on conditions of confinement, the plaintiff must allege an objective prong and a mens rea prong. Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). To plead the objective prong, a plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation. Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). Furthermore, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Id. at 30 (quoting Walker v. Schult, 717 F.3d at 125). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Darnell v. Pineiro, 849 F.3d at 30 (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)). "A substantial risk of serious harm can be demonstrated where there is evidence of a previous [incident]." Rennalls v. Alfredo, 2015 WL 5730332, at *4 (S.D.N.Y. Sept. 30, 2015).

To plead the mens rea prong, a plaintiff must show "the officer acted with at least deliberate indifference to the challenged conditions." Darnell v. Pineiro, 849 F.3d at 30. An officer acts with deliberate indifference when he subjectively "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620. The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious

5

harm exists, and he must also draw the inference." Darnell v. Pineiro, 849 F.3d at 32 (quoting Farmer v. Brennan, 511 U.S. at 837).

B. Personal Involvement

To state a Section 1983 claim, a plaintiff must also "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order). A plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." Id. Rather, a plaintiff must plead each defendant's personal involvement in an alleged constitutional violation.

A plaintiff may satisfy the personal involvement requirement by alleging one of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[4]  Moreover, Section 1983 liability cannot be predicated on a theory of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).

---

[4] After Ashcroft v. Iqbal, district courts within this Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016), reconsideration granted in part and denied in part, 2016 WL 5900217 (S.D.N.Y. July 29, 2016). The Second Circuit has yet to resolve this dispute. Id.

C.  Application

First, plaintiff's claim fails the Eighth Amendment's objective prong. The amended complaint does not plausibly allege the stairwell and landing posed an unreasonable risk of serious harm to plaintiff's health. Although plaintiff alleges the stairwell is a "known, obvious and dangerous blind spot" in Green Haven (Am. Compl. ¶ 25), plaintiff has not specifically alleged any similar prior incident in the stairwell. See Rennalls v. Alfredo, 2015 WL 5730332, at *4. Plaintiff's opposition includes a single allegation of a previous incident at Green Haven, but that incident was not in the stairwell, and occurred nearly forty years prior. (See Pl. Mem. ¶ 17 n.1).

What happened to plaintiff on June 10, 2018, was unfortunate, but it was not the stairwell or the blind spot that caused plaintiff's injury; it was the fact that inmate Ortiz was allegedly attacked and proceeded to fall onto plaintiff, thereby causing plaintiff's injury. Neither the stairwell nor the failure to secure it posed an unreasonable risk of serious harm to plaintiff's health. Accordingly, plaintiff has not sufficiently alleged the first prong of the deliberate indifference analysis.

Second, the amended complaint fails to allege defendants' personal involvement and thus fails plausibly to allege the mens rea prong of the deliberate indifference inquiry. Plaintiff has not adequately alleged the personal involvement of Supt. Lamanna and Dep. Supt. Russo sufficient to state a claim under Section 1983 because plaintiff has not provided anything beyond mere conclusory allegations that defendants "knew of these blind spots" from "unusual incident reports." (Am. Compl. ¶ 17). But the amended complaint does not include any information about these alleged unusual incident reports: plaintiff fails to include when the reports were written, what the reports said, or to whom the reports were sent. Instead, plaintiff asks the Court

7

to "invent factual allegations" from "mere conclusory statements" that defendants were personally involved in the incident. Chavis v. Chappius, 618 F.3d at 170. But plaintiff has not pleaded any facts linking the alleged reports to Supt. Lamanna and Dep. Supt. Russo beyond the nature of their positions. Such is insufficient to adequately allege defendants' personal involvement. See Colon v. Coughlin, 58 F.3d at 873. Thus, there is no indication in the pleadings that Supt. Lamanna and Dep. Supt. Russo knew of the risk that the stairwell posed and chose to ignore that risk.[5]

III.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

---

[5] Because the Court finds that plaintiff has not alleged a constitutional violation as a matter of law, the Court need not address defendants' argument that they are entitled to qualified immunity.

Here, plaintiff has already amended his complaint once—after reviewing defendants' nearly identical arguments in support of their motion to dismiss the original complaint. (Doc. #30). But the amended complaint suffers from the same defects as the original complaint. Accordingly, the amended complaint, even liberally construed, contains no allegations suggesting plaintiff has actionable claims against defendants that plaintiff "inadequately or inartfully pleaded" and "should therefore be given [another] chance to reframe." See Cuoco v. Moritsugu, 222 F.3d at 112. The problems with plaintiff's claims are substantive, and better pleading will not cure them. For these reasons, amendment would be futile.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #36) and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: April 27, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

9